# IN THE COURT OF APPEALS OF IOWA

No. 14-1269
Filed July 22, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MARCUS ANTHONY RIMMER,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II (bench trial) and Cynthia M. Moisan (sentencing), District Associate Judges.

A defendant appeals his conviction for carrying a concealed weapon. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, John Sarcone, County Attorney, and James Hathaway, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

A district court found Marcus Rimmer guilty of carrying a concealed weapon. *See* Iowa Code § 724.4 (2013). On appeal, Rimmer contends the evidence was insufficient to support a finding that a "Taser" seized from him by a Windsor Heights patrol officer was a dangerous weapon.

Our review of the district court's findings following a bench trial is for substantial evidence. *See State v. McFadden*, 320 N.W.2d 608, 614 (Iowa 1982). We are obligated to view the evidence in the light most favorable to the State. *Id.*

Section 724.4 states "a person who goes armed with a dangerous weapon concealed on or about the person" commits an aggravated misdemeanor. Iowa Code § 724.4(1). "Dangerous weapon" is statutorily defined as including "any portable device or weapon directing an electric current, impulse, wave, or beam that produces a high-voltage pulse designed to immobilize a person." *Id.* § 702.7.

Rimmer "acknowledges that the evidence presented by the State was sufficient to establish that the Taser seized from [him] was a portable device, it directed an electric current, and was designed to immobilize a person." But, he asserts, "the record is devoid of any evidence regarding the voltage of the Taser." To the contrary, a reasonable fact finder could have found the Taser seized from Rimmer produced "a high-voltage."

The patrol officer at the scene testified that, while he was "unsure of the exact voltage," the electrical current emitted from the Taser was "consistent with the current that takes place with our 50,000-volt one." In his view, Rimmer's

Taser was "a civilian version of the police Taser." He also agreed the device produced a "high-voltage pulse" and was "designed to immobilize a person." While Rimmer contradicted these assertions, the district court was in a better position to sort through the divergent stories. *See State v. Jennings*, 195 N.W.2d 351, 357 (Iowa 1972) ("[I]t is the fact finder's function, not ours, to decide questions of fact and determine credibility of witnesses."). In doing so, the court could have considered Rimmer's reluctance to test the Taser on himself for fear he would hurt himself. The court also could have considered the testimony of Rimmer's wife, who stated she purchased the Taser for self-protection, and the device worked by immobilizing persons with a high voltage. Viewing the evidence in the light most favorable to the State, we conclude substantial evidence supports the high voltage requirement of section 702.7 and the district court did not err in finding that the Taser in Rimmer's possession was a dangerous weapon.[1] Accordingly, we affirm Rimmer's conviction for carrying a concealed weapon.

**AFFIRMED.**

---

[1] We have considered *State v. Howse*, No. 13-1997, 2015 WL 1046131, at *5 (Iowa Ct. App. Mar. 11, 2015), in which this court reversed a conviction for carrying a stun gun after concluding, "[n]othing in this record establishes, even in general terms, the voltage of the device at issue—high, low, or in-between, and if it had sufficient voltage to immobilize a person." Here, there is more.